**Gregory L. Baird, OSB No. 922212**
gbaird@gordon-polscer.com
**Robert W. Kirsher, OSB No. 086606**
rkirsher@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road, Suite 560
Tigard, Oregon 97223
Telephone:    (503) 242-2922
Facsimile:    (503) 242-1264

*Attorneys for Plaintiff*
*Old Republic Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | Case No. 3:24-cv-01079 |
| Plaintiff, | COMPLAINT |
| v. | DECLARATORY RELIEF |
| M.C.M. CONSTRUCTION INC. and EDWIN A. HERRERA DEL CID, | 28 U.S.C. § 2201 |
| Defendants. | |

Plaintiff Old Republic Insurance Company ("Plaintiff" and/or "Old Republic") alleges as follows:

**NATURE OF ACTION**

1.

This is an action for declaratory relief, pursuant to Fed. R. Civ. P. 57 and 28 USC § 2201, arising from a dispute between the parties regarding the extent, if any, of insurance coverage for certain claims under a policy of insurance issued by Plaintiff.

**COMPLAINT FOR DECLARATORY RELIEF**                                                                 Page 1

## PARTIES

2.

Plaintiff is a Pennsylvania corporation with its principal place of business in Greensburg, Pennsylvania.

3.

Upon information and belief, Defendant M.C.M.Construction Inc. ("MCM") is an Oregon corporation with its principal place of business in Lake Oswego, Oregon.

4.

Upon information and belief, Defendant Edwin A. Herrera Del Cid ("Herrera") is an Oregon resident.

## JURISDICTION AND VENUE

5.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

6.

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.

Venue is proper in this court under 28 U.S.C. § 1931(b) because defendant MCM is domiciled in this District and because the events giving rise to the claim occurred in this District.

/ / /

## THE UNDERLYING CONTRACTS AND OLD REPUBLIC INSURANCE POLICY

8.

Old Republic issued a commercial general liability insurance policy to TopBuild Corp. ("TopBuild") featuring policy number MWZY 313071-20 and in effect from June 30, 2020 to June 20, 2021 ("the Policy"). The Policy includes, as to the named insureds, limits of $2 million per occurrence and $4 million aggregate. The policy provides commercial general liability insurance to TopBuild and certain described subsidiaries via a broad form named insured endorsement. The policy also provides additional insured coverage for certain described entities as required by contracts between the named insured and third parties, subject to restrictive provisions regarding the extent of coverage provided to such additional insureds.

9.

Builder Services Group, Inc. dba JB Insulation ("Builder Services") qualifies as a named insured under the Policy.

10.

Builder Services entered into a contract with MCM, as the general contractor, to provide certain insulation work as part of a remodeling project on property located in Lake Oswego, Oregon and owned by the trustees of the Launchbury Family Trust ("Launchbury") ("the Project"). As part of that contract, Builder Services agreed to obtain insurance under the Policy for MCM as an additional insured upon certain contractual terms, with limits of insurance no less than $1 million per occurrence.

11.

The Policy includes an endorsement agreeing to indemnify an organization the named insured agrees in a written contract, executed prior to the occurrence, to name as an additional

insured, for covered damages caused by the negligently performed or negligently completed work of the named insured, and to reimburse reasonable and necessary attorney's fees and litigation costs incurred in defending against such claims, except for attorney's fees and litigation costs paid by another insurer. The Policy provides that such obligations to the additional insured shall be limited to the percentage of legal liability attributable to the named insured as determined by a trier of fact in an arbitration or trial.

12.

The policy includes an Amendment of Limits of Insurance endorsement which provides that the policy limit for all projects for Builder Services in Oregon shall be $1 million per occurrence and $1 million aggregate.

## THE UNDERLYING CLAIMS

13.

On or about December 2, 2022, Herrera filed a lawsuit against MCM, Builder Services, TopBuild, TruTeam, LLC[1], and Launchbury in the Circuit Court of the State of Oregon, for the County of Multnomah, case number 22CV41218 ("the Underlying Lawsuit"), seeking damages arising from injuries suffered by Herrera on December 4, 2020, while working on the Project ("the Accident").

14.

The Underlying Lawsuit alleges MCM was the general contractor on the Project and subcontracted with the TopBuild Defendants to install spray foam insulation at the Project. The

---

[1] TopBuild, Builder Services and TruTeam, LLC are collectively referenced hereinafter as "the TopBuild Defendants."

**COMPLAINT FOR DECLARATORY RELIEF**                                                                 Page 4

Underlying Lawsuit alleges that Herrera was an employee working for one of the TopBuild Defendants on a deck, where MCM had placed unsecured plywood sheets atop exposed framing joists.  Herrera claimed injuries when the plywood placed by MCM shifted while he was working, causing him to fall through the deck joists and suffer injuries.  Herrera asserted various claims for relief against the defendants, including failure to secure the temporary plywood covering or otherwise adequately protect against the risk of falling.  MCM asserted cross-claims for indemnity and contribution against the TopBuild Defendants.

15.

MCM maintained its own primary and excess liability insurance as a named insured and its primary insurer accepted and funded the defense of the underlying claims against MCM.  Old Republic accepted and funded defense of the claims against the TopBuild Defendants as its named insureds.

16.

By letter dated March 6, 2023, counsel retained to defend MCM tendered defense and indemnity to Builder Services and Old Republic.  By letter dated April 26, 2023, Old Republic accepted MCM's tender as an additional insured subject to a full reservation of rights under the policy, including, without limitation, the terms and conditions of the additional insured endorsement and the restrictions on additional insured coverage under ORS 30.140.

17.

Prior to trial, the court granted summary judgment in favor of Builder Services and TruTeam on plaintiff's claims and MCM's cross-claims.  Herrera reached a settlement with the Launchbury defendants on the eve of trial.  Upon information and belief, MCM's primary insurer funded the settlement of the claims against the Launchbury defendants.

18.

The case proceeded to trial as to TopBuild and MCM in April of 2024. After Herrera rested his case, the court granted directed verdict in favor of TopBuild. The case was submitted to the jury only as to the fault of Herrera and MCM. The jury found MCM liable on all theories of relief, awarded damages of $4,076,390, and allocated fault 91.5% to MCM and 8.5% to Herrera. On 6/26/2024, the court entered judgment in favor of Herrera, as judgment creditor, and against MCM, as judgment debtor, in the amount of $3,729,896.85.

19.

By letter dated June 11, 2024, MCM, through counsel, demanded that Old Republic "make its limits available" and pay the sum of $1,717,500, representing the difference between the amount of the verdict and the remaining limit of insurance paid by MCM's primary insurer.

20.

Old Republic disputes that it is obligated to pay $1,717,500 to MCM as a result of the judgment entered in the Underlying Litigation and seeks a declaration in this action regarding the extent, if any, to which Old Republic bears any obligation to indemnify MCM, or pay Herrera as the judgment creditor, for the amounts at issue.

21.

Old Republic disputes whether any of the liability of MCM from the Underlying Lawsuit relates to the negligence or fault of Builder Services or, if so, the amount of fault attributable to Builder Services, which has never been determined by a finder of fact. Old Republic further disputes that it could possibly have any obligation to pay more than the $1 million limit of the Old Republic policy.

/ / /

## FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT- DUTY TO INDEMNIFY MCM)

22.

Old Republic re-alleges and incorporates by reference all previous paragraphs.

23.

An actual controversy exists between Old Republic and MCM regarding the extent, if any, of Old Republic's indemnity obligation to MCM as an additional insured relating to the judgment entered in the Underlying Lawsuit.

24.

Under the terms of the Policy, any additional insured coverage for MCM is limited to the extent the damages are caused by the negligently performed work of Builder Services, as established by the percentage of fault determined by a trier of fact at trial.

25.

In addition to the Policy language, ORS 30.140 renders void any obligation under the Policy to MCM to the extent such liability was caused, in whole or part, by the fault of MCM.

26.

Under the terms of the Policy, the maximum limit of insurance is $1 million.

27.

Pursuant to 28 U.S.C. § 2201, Old Republic is entitled to a declaration by this Court of its rights and duties regarding the existence or extent of any indemnity obligation owed under the Policy to MCM as an additional insured.

/ / /

**COMPLAINT FOR DECLARATORY RELIEF**　　　　　　　　　　　　　　　　　　Page 7

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT- DUTY TO INDEMNIFY WITH RESPECT TO JUDGMENT CREDITOR)

28.

Old Republic realleges and incorporates by reference all previous paragraphs.

29.

An actual controversy exists between Old Republic and Herrera, as the third-party claimant and judgment creditor, regarding the extent, if any, of Old Republic's indemnity obligation to MCM as an additional insured.

30.

Pursuant to 28 U.S.C. § 2201, Old Republic is entitled to a declaration by this Court of its rights and duties to Herrera, as the third-party claimant and judgment creditor, regarding the existence or extent of any indemnity obligation owed under the Policy to MCM as an additional insured.

/ / /

/ / /

WHEREFORE, Old Republic prays for judgment as follows:

1. A declaration setting forth the extent of any indemnity obligation owed to MCM as an additional insured relating to the judgment entered in the Underlying Lawsuit.

2. A declaration setting forth the extent of any obligation on behalf of Old Republic to pay any sums to Herrera, as the judgment creditor in the Underlying Lawsuit.

3. For such other relief that the Court deems just and proper.

DATED this 2nd Day of July, 2024.

Respectfully Submitted by:

**GORDON & POLSCER, L.L.C.**

By: *s/ Gregory L. Baird*
Gregory L. Baird, OSB No. 922212
*gbaird@gordon-polscer.com*

Robert W. Kirsher, OSB No. 086606
*rkirsher@gordon-polscer.com*

*Attorneys for Plaintiff*
*Old Republic Insurance Company*

**COMPLAINT FOR DECLARATORY RELIEF**  **Page 9**